[No. 784. Decided July 25, 1893.]

LOUIS M. SMITH, *by Knut O. Smith, his guardian, Respondent,* v. JOHN ARTHUR, *Appellant.*

PUBLIC LANDS — CANCELLATION OF FILING — RECOVERY FOR IMPROVEMENTS.

Where a homestead claimant of public lands has been notified by the local land officers that his filing had been allowed by inadvertence, and would be returned to the general land office for cancellation, any improvements placed by him upon the land subsequently and during the pendency of the appeal are made at his peril, and no recovery can be had therefor.

*Appeal from Superior Court, King County.*

*Thompson, Edsen & Humphries,* for appellant.

*Jenner, Legg & Williams,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— We have carefully examined the record in this case, as well as the brief of the appellant, and find that all of the pertinent questions raised have been decided by this court, either in *Keane v. Brygger*, 3 Wash. 338 (28 Pac. Rep. 653), or *Brygger v. Schweitzer*, 5 Wash. 564 (32 Pac. Rep. 462), and most of them in both of the above named cases, so that we do not feel it incumbent upon us to again enter into a discussion of their merits.

So far as the question of improvements made on the land by appellant is concerned, we are of the opinion that he has no remedy, and that the case does not fall within the rule announced by the cases cited in appellant's brief. The answer alleges that appellant made his homestead filing in October, 1888. Thirteen days after the filing he was notified by the officers of the land office that the entry had been allowed by inadvertence, and would be returned to the general land office for cancellation. Up to this time no improvements had been made, and none were commenced until March, 1889, when he took possession under claim of his homestead filing. The general land office decided adversely to his interests on January 28, 1889, and, although he alleges that he was not notified of this decision until April 6, 1889, he was during the pendency of the appeal placing improvements on the land at his peril, especially as the land department had, so far as he had knowledge, decided against him. And, besides, it is not likely that any great amount of improvements had been made between some time in March (what time the answer does not aver) and the 6th of April following. While it is no doubt true, as suggested in appellant's brief, that the land department and the courts have uniformly regarded the making of improvements as the highest proof of good faith, yet such improvements must be made before contest is inaugurated.

Suits in the land department, as well as in the courts, are determined upon the facts existing and the rights attaching under those facts at the time of the commencement of the action, and such rights cannot be affected by any subsequent actions of the litigants.

The judgment must be affirmed.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.